978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jorge M. HERRERA, Petitioner-Appellant,
v.
Stephen W. KAISER, Respondent-Appellee.
 Nos. 92-5109, 92-6192.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Herrera, a state inmate, appeals the denial of habeas relief. We order the consolidation of these two appeals, grant permission to proceed in forma pauperis, and affirm.
 
 
 3
 Mr. Herrera was convicted by a state court jury of two counts of distributing heroin and was sentenced to sixty years.
 
 
 4
 A review of the state court record leads us to summarize the evidence as follows. An undercover police detective testified he purchased heroin from Mr. Herrera on two separate occasions. See Mr. Zarate (also spelled Sarate in the record). Specifically, Mr. Herrera testified that he traveled to El Paso, Texas, and to Mexico with Mr. Zarate and purchased heroin with Mr. Zarate's money furnished by the police; that he twice sold heroin he had on his person to the undercover agent; and that he received the money for the heroin from the undercover agent. Mr. Herrera argues he was a penniless addict who was enticed into these drug transactions. Neither side called the informant. The jury was instructed concerning the defense of entrapment and rejected it.
 
 
 5
 Following a direct appeal and exhaustion of his state remedies, Mr. Herrera filed a pro se habeas petition with the United States District Court. In this petition, Mr. Herrera asserted three constitutional errors: (1) ineffective assistance of counsel as counsel failed to demand disclosure of the informant (Mr. Zarate) and failed to call Mr. Zarate as a witness; (2) failure of the state trial court to order the identity of the informant to be disclosed; and (3) failure of the jury to accept Mr. Herrera's unrebutted testimony concerning his defense of entrapment.
 
 
 6
 Following a flurry of motions by Mr. Herrera the district court concluded relief should be denied. Mr. Herrera appeals pro se asserting: (1) the district court should have appointed counsel and ordered an evidentiary hearing; and (2) he was denied effective assistance of counsel in the state trial court.
 
 
 7
 When this court reviews a claim of ineffective assistance of counsel, we commence our analysis by presuming counsel was effective. The law requires Mr. Herrera bear the burden of proving his counsel's performance was deficient. Mr. Herrera can meet this burden by showing both that his counsel's performance was deficient and that this deficient performance prejudiced Mr. Herrera. Strickland v. Washington, 466 U.S. 668, 687 (1984). Stated somewhat differently, Mr. Herrera bears the burden of showing there exists a reasonable probability that but for his counsel's errors, the result of the state court trial would have been different. Id. at 694. In making this determination, this court must look at all the evidence and ask ourselves whether Mr. Herrera's counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.
 
 
 8
 Mr. Herrera asserts that the failure of his counsel to contact the informant or Mr. Herrera's brother and the subsequent failure to have them testify constitutes ineffective assistance of counsel. Even if we assume, arguendo, that Mr. Herrera's counsel was deficient in not pursuing these two potential witnesses, Mr. Herrera fails to show a reasonable probability that but for counsel's errors, the result of the trial would have been different.
 
 
 9
 Mr. Herrera specifically argues that the informant was essential to his case because the informant would testify to the fact that he, and not Mr. Herrera, sold the heroin to the undercover agent. Mr. Herrera also argues that the informant could impeach the undercover agent's testimony concerning the informant's prior criminal history and a possible deal the informant struck with the police.
 
 
 10
 The flaw in Mr. Herrera's first argument is that Mr. Herrera himself testified he bought the heroin and sold it to the undercover agent. Mr. Herrera has offered no proof the informant would have testified to selling the heroin, but, assuming for the sake of argument that such would be the case, the jury's verdict would not have been altered in view of Mr. Herrera's own testimony. It is incongruous to contend the informant would have contradicted Mr. Herrera's testimony.
 
 
 11
 As to Mr. Herrera's second argument, there is little evidence in the record to indicate that the informant would impeach the testimony of the undercover agent. Even if the agent's testimony was successfully impeached on this collateral issue, it is unreasonable to think a jury would discredit all of the agent's testimony and reach a different result.
 
 
 12
 There is some indication in the record that the reason Mr. Herrera's attorney did not contact the informant was that the attorney was misled by the prosecutor as to the informant's availability. Even if we assume this is true, it does not affect our analysis under Strickland because, as stated above, we fail to see how the informant's testimony would have altered the trial's outcome.
 
 
 13
 Mr. Herrera also asserts the informant approached his brother and attempted to get his brother to purchase drugs for the informant and undercover agent. We cannot say that if Mr. Herrera's brother testified as to this matter, there would exist a reasonable probability that the jury's verdict would have differed. The undercover agent testified he asked Mr. Herrera to sell the heroin to him and Mr. Herrera testified the same. The brother's testimony would have produced no different result.
 
 
 14
 Mr. Herrera's claim that counsel should be appointed and an evidentiary hearing held warrants little discussion. The issues raised by Mr. Herrera can easily be resolved by examining the record. The denial of counsel and hearing was not error.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3